## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DONOVAN EVANS**                                                                                              **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 3:20-cv-00533-DPJ-JCG**

**CITY OF JACKSON, MISSISSIPPI**                                                   **DEFENDANT**

### REPORT AND RECOMMENDATION THAT DEFENDANT'S 12(b)(5) MOTION TO DISMISS BE DENIED

BEFORE THE COURT is Defendant City of Jackson's [28] Motion to Dismiss for Insufficient Service of Process Pursuant to Federal Rule of Civil Procedure 12(b)(5) on grounds that the City was not served within 90 days after the Complaint was filed. The City submits that dismissal without prejudice is warranted because "service fell 201 days after the deadline to perfect service, and 291 days after the Complaint had been filed." [28] at 2.

Federal Rule of Civil Procedure 4(m) provides that a defendant must be served within 90 days after the complaint is filed. However, courts have discretion to extend this deadline. *See* Fed. R. Civ. P. 4(m). In addition, "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

The City overlooks the interplay between service of process and the in forma pauperis (IFP) application process. If a plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915, the Court must order that service be made by a United States marshal or deputy marshal or a personal specially appointed by the court. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). A plaintiff proceeding IFP is entitled

to rely on service through 28 U.S.C. § 1915(d) and should not be penalized when the delay in service is not attributable to the plaintiff. *See Ruddock v. Reno*, No. 00-0179, 2004 WL 1496898, at *2 (2d Cir. 2004); *Moore v. Jackson*, 123 F.3d 1082, 1085-86 (8th Cir. 1997); *Williams-Guice v. Board of Educ. of the City of Chicago*, 45 F.3d 161, 162 (7th Cir.1995); *Puett v. Blandford*, 912 F.2d 270, 276 (9th Cir. 1990); *Rochon v. Dawson,* 828 F.2d 1107, 1109 (5th Cir. 1987); *Webb v. Newk's Bakery*, No. 3:18-cv-155-GHD-JMV, 2019 WL 654309 (N.D. Miss. Feb. 15, 2019); *Sidney v. Wilson*, 228 F.R.D. 517, 523 (S.D.N.Y. 2005); *Matthews v. Marten Transp., Ltd.*, 354 F. Supp. 2d 899, 902 (W.D. Wis. 2005).

When Plaintiff filed his Complaint, he also filed an IFP motion, but he did not file a completed Form AO 239, Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) or provide any financial information. Magistrate Judge F. Keith Ball deferred ruling on Plaintiff's application until Plaintiff provided a completed Form AO 239. Judge Ball's order was mailed to Plaintiff's address of record but was returned as undeliverable. Soon after, Judge Ball recused, and this case was reassigned.

Because Judge Ball's order was returned undeliverable, and because Plaintiff had recently filed a change of address, the undersigned issued an order setting a deadline for Plaintiff to submit a completed Form AO 239. Plaintiff promptly submitted a completed Form AO 239. His IFP application was granted five months later. When the application was granted, the Clerk of Court was directed to issue a summons and have service accomplished on the City through the Marshal's Service.

–2–

The Clerk of Court cannot issue summons until the IFP application has been resolved. Service on the City was accomplished through the Marshals Service within 21 days of the Court authorizing Plaintiff to proceed IFP.

The delay in service is attributable to the delay in approving Plaintiff's IFP application. The Advisory Committee Notes for Rule 4(m) advise courts to "take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." Fed. R. Civ. P. 4, advisory committee notes (1993 amendments, subdivision (m)). Dismissal for untimely service of process is not warranted. Plaintiff was entitled to rely on service through 28 U.S.C. § 1915(d). The City's Motion to Dismiss [28] because of untimely service under Federal Rule of Civil Procedure 4(m) should be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous,

conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 20th day of July, 2021.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE